UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| TROY DALE EVANGELISTA | CIVIL ACTION NO. 2:12-cv-1593 |
| VS. | SECTION P |
| LOUISIANA DEPARTMENT OF | JUDGE MINALDI |
| PUBLIC SAFETY, ET AL. | MAGISTRATE KAY |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff, Troy Dale Evangelista, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 11, 2012.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at Allen Correctional Center (ACC), Kinder, Louisiana.  As defendants, plaintiff names LDOC and LDOC Secretary James LeBlanc.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

According to plaintiff's complaint, he was charged by the East Baton Rouge District Attorney's Office with simple escape from an East Baton Rouge Parish work-release program.  As a result, he received a nine month sentence and his offender class was elevated.  Plaintiff states that on August 3, 2010, a prison disciplinary board took 723 days of good time away from him based on the same escape charge.  Plaintiff claims that the conviction/sentence and the loss

of good time constitute punishment for the same crime, thus violating his Fifth Amendment right against double jeopardy.

As relief, plaintiff seeks injunctive relief, reinstatement of his good time, and/or monetary damages for every day he serves in violation of the Fifth Amendment. Doc. 1, p. 5.

*Law and Analysis*

**1.   Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

The court is convinced that further amendment of the pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim

for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed.

### 2.  Double Jeopardy

Plaintiff claims that his double jeopardy rights were violated because he received two punishments for the same offense; specifically, a nine month consecutive sentence for simple escape and loss of 723 good time days for the same offense.

The United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) and the United States Court of Appeals for the Fifth Circuit in *Harrison v. Dretke*, 68 F.3d 469 (5th Cir.1995), have held that the Double Jeopardy Clause does not apply to prison disciplinary proceedings.  As such, plaintiff has not stated a double jeopardy violation and, therefore, he cannot maintain this claim.

### 3.  Loss of Good Time Credit/Disciplinary Proceedings

"A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding."  *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir.1998), citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).  Thus, to the extent that plaintiff seeks restoration of the forfeited good time credits, he has failed to state a claim for which relief may be granted and his complaint is subject to dismissal on that basis.

The restoration of forfeited good time credits must be pursued in a *habeas corpus* action filed pursuant to 28 U.S.C. §2241.  *Preiser,* at 500.  A *habeas corpus* action must be filed in the district court where the prisoner is in custody or in the district court for the district within which the State court was held which convicted and sentenced him, and, the proper respondent in such action is the person exercising custody over the prisoner.  *See* 28 U.S.C. §§ 2241(d) and 2243.

To the extent that plaintiff seeks monetary damages because of the disciplinary hearing that resulted in the loss of good time credit, his complaint fares no better.  Prisoners cannot bring a civil rights action pursuant to § 1983 seeking damages based upon irregularities in a prison disciplinary proceeding that resulted in the forfeiture of good time credits, until the offending disciplinary conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment in the civil rights action would necessarily imply the invalidity of the disciplinary conviction at issue.  *Clarke*, 154 F.3d at 189; *see also Edwards v. Balisok*, 520 U.S. 641, 644 (1997) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).  A conviction for purposes of *Heck* includes a ruling in a prison disciplinary proceeding that results in a loss of good time credits.  *Edwards* at 644.

It is abundantly clear that a favorable judgment in plaintiff's favor in this proceeding would call into question the validity of the underlying disciplinary proceedings; therefore, plaintiff cannot obtain monetary damages relative to the disciplinary conviction until such time as it has been reversed, expunged, or otherwise set aside.  Thus, to the extent that plaintiff seeks monetary damages for his prison disciplinary conviction his complaint must be dismissed as frivolous.

### 4.  Statute of Limitations

"Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B).  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993).  The applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period.  *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998).  Therefore, the court applies

LSA Civil Code article 3492, which carries a limitations period of one year.  *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989).  While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues.  *Jacobsen*, 133 F.3d at 319.  Under federal law, a § 1983 action accrues when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."  *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987).

In this case, absent interruption or tolling of the period of limitations which does not appear to have occurred, plaintiff's cause of action with respect to his specific claims accrued in August of 2010, the date that his good time credit was revoked.  Plaintiff's complaint was signed on June 4, 2012, almost two years after the date of the alleged cause of action.  All of plaintiff's civil rights claims based upon events which occurred prior to August 2011 are untimely and are barred by the statute of limitations and are frivolous as a matter of law.

### Conclusion

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 15th day of August, 2013.

_____

KATHLEEN KAY

UNITED STATES MAGISTRATE JUDGE